No. 04-99-00454-CV



Rodolfo C. CUELLAR D/B/A Cuellar House Leveling Co.,


Appellant



v.



Francisco GOMEZ,


Appellee



From the 150th Judicial District Court, Bexar County, Texas


Trial Court No. 99-CI-1232


Honorable Peter Michael Curry, Judge Presiding



PER CURIAM


Sitting: Phil Hardberger, Chief Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: August 18, 1999


DISMISSED FOR LACK OF JURISDICTION


 On March 8, 1999, the trial court signed a default judgment against Rodolfo C. Cuellar.
Cuellar timely filed a motion for new trial on April 6, 1999, thus extending the time for perfecting
an appeal. See Tex. R. Civ. P. 329b(g); Tex. R. App. P. 26.1(a). The notice of appeal was therefore
due June 7, 1999, or a motion for extension of time to file the notice of appeal was due fifteen days
later on June 22, 1999. See Tex. R. App. P. 26.1, 26.3. Cuellar did not file a timely notice of appeal
or a motion for extension of time to file the notice of appeal. However, on June 23, 1999, he filed
a notice of appeal and a motion for extension of time. "[O]nce the period for granting a motion for
extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's
jurisdiction." Verburgt v. Dorner, 959 S.W.2d 615, 615 (1997) (construing the predecessor to Rule
26). On July 14, 1999, we therefore ordered Cuellar to show cause why the appeal should not be
dismissed for lack of jurisdiction.

 Cuellar responded to our July 14, 1999 order by stating that although the notice of appeal and
motion for extension of time were not timely, Cuellar may pursue a restricted appeal pursuant to
Rule 30, Tex. R. App. P. Cuellar also filed a motion to amend his notice of appeal and attached an
amended notice of appeal which alleged he did not participate in the hearing that resulted in the
judgment. However, a restricted appeal may only be pursued by "[a] party ... who did not timely file
a postjudgment motion." Id. Because Cuellar filed a timely motion for new trial, a restricted appeal
is not available to him. See id.

 We therefore dismiss Cuellar's motions to extend time to file notice of appeal and to amend
notice of appeal for lack of jurisdiction.

 PER CURIAM

DO NOT PUBLISH